Nov. Term,
1854.

McVicker and Others *v.* Pratt.

McVicker
v.
Pratt.

A suit in chancery was tried, after the R. S. 1852 took effect, as a suit at law, upon oral testimony and depositions. There being sufficient evidence in the record to sustain the judgment, *held*, that the Supreme Court would not examine into the relative credibility of the witnesses or the weight of the evidence.

Tuesday,
December 5.

APPEAL from the *Wabash* Circuit Court.

Hovey, J.— The complainants, heirs of *Samuel Mc-Vicker*, deceased, filed a bill in chancery against the defendant, setting forth that on the 12th day of *May*, 1841, in the lifetime of said *Samuel McVicker*, he, the said *Samuel*, was the owner in fee simple of a certain tract of land described in the bill, worth about 1,000 dollars; that being in embarrassed circumstances, he applied to *Pratt* to loan him 200 dollars; that *Pratt* loaned him that amount, and that to secure the payment of the same, *McVicker* executed and delivered to him a deed in fee simple for said land, dated *May* 12, 1841, which was to be considered by the parties as a mortgage to secure the payment of said loan, and that said defendant "then and there" executed and delivered to said *Samuel* an agreement, which reads as follows:

"I, *Joseph Pratt*, of *Wabash* county, bind myself to make *Samuel McVicker* a deed of the land he now resides on; provided, however, that said *McVicker* pay unto me two hundred dollars on the first day of *December* next, in specie, with ten per cent. interest from the third day of *May*, and also pay unto me all reasonable charges for my time and expense that have or may accrue respecting said land. Now if said *McVicker* comply with the above requirements, then this instrument of writing to be binding on me; but in the case of the non-compliance of the said *Mc-Vicker*, to be of no force or value in law.    *September* 11, 1841.    [Signed] *Joseph Pratt.*"

That said *Samuel* failed to pay the money borrowed, according to said agreement, (except 20 dollars which was paid to the defendant), and that afterwards, on the 1st of *January*, 1842, said *Pratt* took possession of the land, soon

after which time said *Samuel* departed this life, leaving complainants his heirs, who are ready and willing to pay whatever may be justly due on said loan, &c.

The defendant answered under oath. He says that the deed was made in pursuance of a *bona fide* sale, and that the agreement set forth was a subsequent contract; denies that the land was worth 1,000 dollars; and avers that 200 dollars was a full and fair price for it; denies that *Mc-Vicker*, in his lifetime, ever paid him any part of said loan, &c.

The Court, at the *August* term, 1853, upon the hearing, rendered a decree in favor of the defendant; and the complainants appealed. The cause was heard upon oral testimony and depositions, which are set out in a bill of exceptions.

The evidence is conflicting and contradictory, but we think there is a preponderance in favor of the defendant. The facts that *Pratt* took possession of a part of the land and cleared it during the time that *McVicker* resided upon it; that *McVicker* voluntarily gave up the possession of the whole, and resided on other lands in the neighborhood; that the taxes were paid by the defendant, with the exception of one or two years; and that *McVicker* should reside in the vicinity for nearly nine years, up to his death, without making any claim to the land as his own, and that the written agreement bears date long after the deed was made, all strongly favor the defence set up in the answer.

But independent of this view, as the case was tried as a suit at law, and as there was sufficient evidence upon the part of the defendant to make out his defence, we will not attempt to decide which of the witnesses were the most worthy of belief. In such cases, the Court trying the cause, with the witnesses before it, is far better prepared to discriminate than we are; and litigants need not expect this Court to reverse the judgments of other Courts upon the weight of evidence, where there is sufficient in the record to sustain the judgment below.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Steele* and *J. Brownlee*, for the appellants.

*J. M. Wheeler* and *H. P. Biddle*, for the appellee.